**SMITH et al. v. HILL. (No. 504.)** *

Court of Civil Appeals of Texas. Eastland. Nov. 23, 1928.

Rehearing Denied Dec. 21, 1928.

---

*Writ of error dismissed.

234

Coombes & Andrews, of Stamford, for appellants.

Scarborough & Wilson, of Abilene, for appellee.

LESLIE, J. In this case the appellee, R. G. Hill, plaintiff below, sued appellants, George Smith and J. S. Smith, defendants below, for the sum of $1,551.81. He alleged that by mistake he paid appellants twice for the same 35 bales of cotton, issuing to them two checks each in the said amount, one dated November 9, and the other November 11, 1926. The trial was before the court without a jury, and judgment was rendered in favor of the plaintiff. The defendants appeal. The litigants will be referred to as in the trial court.

After the plaintiff and defendants, together with other witnesses tendered by the defendants, had testified, defendants and plaintiff agreed that the court might appoint H. M. Hicks, an auditor, "to audit the entire transaction and make a report thereon to the court." In compliance with this agreement, the court appointed said auditor, and the trial was held in abeyance until he could make his report. The report was filed in due time, and the defendants challenged its correctness, objecting and excepting to it in different particulars. The trial was then resumed, and the defendants offered testimony bearing upon the issue in the case and designed to support the exceptions and objections they had previously urged. At the conclusion of the testimony, the court overruled the exceptions to the report of the auditor, admitted it in evidence, and proceeded to render the judgment aforesaid.

By different assignments of error and various propositions thereunder, defendants assail the action of the trial court in overruling their objections and exceptions to the auditor's report, and they further contend that the undisputed evidence clearly shows that the plaintiff received every bale of cotton for which the defendants had been paid. Said objections and exceptions were made the basis of a motion to set aside the report and recommit the work to the auditor. The objections were also to specific portions of the report. Concretely, the defendants contend that the audit should have covered the period of time from the beginning of the cotton season in 1926 through the business of November 12, 1926.

In respect to this last contention, the auditor, when called as a witness by the defendants, testified that the reason he did not include in his audit any cotton purchased by the defendants prior to October 29, 1926, was because the defendants informed him in the beginning of his labors that their cotton was all sold, cleaned up, and balanced to the 1st of November; that, relying upon this information, he eliminated the work of going behind the 1st of November; and that he checked the transactions of the plaintiff and the defendants from the 1st of November to and including November 12, 1926, this period of time covering the date of the two checks involved in this controversy. The auditor's foregoing statement of his reasons for thus limiting his investigation appears not to have been controverted by any testimony offered by the defendants on the hearing under their objections to said report. We cannot, therefore, say that the court erred in not rejecting the report because it did not cover the entire cotton season.

The other objections urged as reasons for the rejection of the report as a whole are either untenable, or were not supported by such evidence as would justify us in saying that the trial court erred in not striking out the report.

The auditor's report shows that the plaintiff Hill had received 130 bales from the defendants, and that he had paid for 165, indicating a double payment for the said 35 bales of cotton, as contended by the plaintiff.

In those respects wherein the defendants' exceptions to the auditor's report challenge the correctness thereof, the defendants were entitled to offer evidence upon the issues raised by such exceptions. This they appear to have done. There is nothing in the record to indicate the exclusion by the court of any testimony offered by either party to the suit, either prior to the appointment of the auditor or subsequent thereto. If the auditor's report was not as comprehensive in the matters complained of as the defendants desired, nevertheless it occurs to us that the defendants in their testimony either testified relative to such matters, or produced witnesses who were capable of giving the information desired. The most vital matters insisted on by the defendants, and constituting the chief vice in the auditor's report, were facts ascertainable from the public weigher at Stamford, who was called as a witness by the defendants themselves. He testified frankly and fully in answer to all questions propounded to him, had his records with him, and offered to make further

search of them and determine the additional facts, or "how many bales of cotton Hill shipped this year."

If defendants' contention is correct that "the only possibility, therefore, of arriving at the truth of the matter was to go to the cotton yard records and ascertain from the cotton yard records what became of the cotton appellants contended was delivered to Hill," it occurs to us that the issue herein being simple and well defined, and the cotton weigher on the witness stand with his records, the defendants should have availed themselves of such information as might have been obtained from that source bearing upon the contested point, as well as the other issues raised by objections to the auditor's report.

It is unnecessary for us to discuss the testimony, but the above consideration, together with the fact that both defendants were experienced cotton men, both testified fully from memory and records, and one was a bookkeeper of ten years' experience in the cotton business, warrants us, we believe, in the conclusion that the trial court did not err in overruling the defendants' objections to the auditor's report and admitting it in evidence.

Excepting one proposition that asserts the insufficiency of the evidence to support the judgment, the others, from one angle or another, attack the orders of the court in overruling the exceptions and in admitting said report as evidence. These propositions have each been considered, but we are of the opinion that they are of insufficient merit to justify us in disturbing the orders of the court. These propositions are overruled.

Upon the trial the testimony appears to have been fully developed upon all issues before the court. There are no findings of fact or conclusions of law in the record. The presumption is that the court, in arriving at its judgment, gave weight and consideration exclusively to relevant and legitimate testimony. The judgment is well supported by this character of testimony, and it will be affirmed.

It is so ordered.